# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SALLYE PURYEAR** | * | |
| **Cedar Brook Hill Apartments** | * | |
| **8480 Limekiln Pike** | * | |
| **Apt. 620-3** | * | |
| **Wyncote, Pennsylvania 19095** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No.:_____ |
| | * | |
| **GORDON R. ENGLAND** | * | |
| **Secretary of the Navy** | * | |
| **Office of the Secretary** | * | |
| **1000 Navy Pentagon** | * | |
| **Washington, D.C. 20350-1000** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*

## COMPLAINT
**Writ of Mandamus & Attorney's Fee Reimbursement**

JURISDICTION

     1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1651 and 42 U.S.C. 2000e-5(f) & (g).

PARTIES

     2. Plaintiff, Ms. Sallye Puryear, is a United States citizen who was employed as a GS-185-12 Social Worker with the National Naval Medical Center in Bethesda, Maryland. She retired on March 29, 2002.

     3. Defendant, Gordon R. England, is the Secretary of the Navy, a federal

agency.

PROCEDURAL REQUIREMENTS

4. After having an Equal Employment Opportunity Commission Administrative Judge find in Plaintiff's favor in her complaint of discrimination on July 29, 2002 (Exhibit "A"), judgment was entered and the order of remedies imposed on December 9, 2002 (Exhibit "B").

5. After the agency failed to [a] adjust Plaintiff's retirement consistent with her ordered retroactive promotion and [b] notify Plaintiff of when and where the agency would post the ordered "Notice to Employees" (i.e., The Agency has been found to have discriminated against an employee and employees are to be free from discrimination.), Plaintiff filed an appeal with the Equal Employment Opportunity Commission (hereinafter "EEOC").

6. The EEOC dismissed Plaintiff's appeal as moot on June 1, 2005, citing an agency letter to OPM about making the adjustment.  EEOC said nothing about the "Notice to Employees" in the June 1, 2005 decision.  Plaintiff's attorney's fees were consequently not reimbursed.

7.  Plaintiff filed a motion for reconsideration on July 8, 2005.  Despite the untimeliness of the motion (due to the agency's delay in providing needed documentation), the EEOC reconsidered it and concluded as follows on August 22, 2005, "After reconsidering the previous decision and the entire record, the Commission

finds that the request fails to meet the criteria of 29 C.F.R. Section 1614.405(b), and it is the decision of the Commission to deny the request." (Exhibit "C").

FACTS IN SUPPORT OF MANDAMUS

8. According to the FERS document Complainant was able to obtain from OPM in Boyers, Pennsylvania, her retirement has been calculated based on a GS 12/7-8 since her retirement on March 29, 2002 (See. Exhibit "D").  However, according to the December 9, 2002 decision of the Administrative Judge, page 8, the Agency was ordered to

> ***1. Revise documents in Complainant's Official Personnel Folder to reflect her appointment to Supervisory Social Worker, GS-13, effective date June 20, 1999.***
>
> ****
>
> ***3. Make all necessary adjustments to Complainant's retirement account."***

9. According to Ms. Denise Noblit of the United States Office of Personnel Management, Retirement Operations Center, Boyers, Pennsylvania, the Department of the Navy needed to forward a "Corrective Action" to OPM, indicating Complainant's retroactive 1999 GS 13, step 4 status.  Such was not done.

10. During Complainant's recent receipt of documents, she was able to obtain a document showing her GS 13, step 4.  However, since no "Corrective Action" was filed with OPM (according to Ms. Noblit), the basis for her retirement benefits remained on a GS 12, step 8.

11. Concerning the Agency's failure's adverse effect on Complainant's social security funds, from 2002 to the present, Complainant has received reduced benefits.

12. Finally, as of the present, Plaintiff has never been told of when or where the "Notice to Employees" was posted, and none of her friends who remain currently employed at the agency has seen any such notice.

REQUESTED RELIEF

13. The aforementioned failures by the agency have resulted in Plaintiff not receiving her full and fair pension and social security benefits since retirement.

14. The aforementioned failures by the agency have also prevented Plaintiff from seeing or knowing if the "Notice to Employees" was ever posted despite the Administrative Judge's remedy being <u>for</u> Complainant (who should know it has been carried out in full).

**WHEREFORE,** Plaintiff respectfully requests that

[A]   the Agency, within ten business days, be made to file the "Corrective Action" needed by the United States Office of Personnel Management in Boyers, Pennsylvania,

[B]   the Agency be made to submit, within ten business days, the calculation of the underpayment of Plaintiff's pension and pay her that sum in full upon such submission,

4

[C]     the Agency be made, within ten business days, to notify the Social Security Administration of its error regarding Plaintiff's GS status and assist the SSA in correcting its payments to Plaintiff for the present <u>and</u> paying Plaintiff for the under payments since her retirement on March 29, 2002,

[D]     the Agency be made to assure all corrective action herein [i ] is mailed to Plaintiff's attorney (including checks) and [ii] is completed within twenty days, maximum, and

[E]     the Agency be made to pay Plaintiff's costs and attorney's fees, which are approximately $4,500 (increasing as litigation proceeds).

I solemnly affirm under the penalty of perjury that the contents of the foregoing Complaint are true to the best of my knowledge, information, and belief.

    /S/    Ms. Sallye Puryear
Ms. Sallye Puryear


Respectfully submitted,

    /S/    Rev. Rickey Nelson Jones

Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey Nelson
    Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
Bar #: 12088

Attorney for Plaintiff