UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| SALLYE PURYEAR | * |
| | * |
|     Plaintiff, | * |
| | * |
| v. | *    Civil Case No.: AW-05-2993 |
| | * |
| GORDON R. ENGLAND | * |
| Secretary of the Navy | * |
| Office of the Secretary | * |
| | * |
|     Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT & CROSS MOTION FOR SUMMARY JUDGMENT

    Plaintiff, Ms. Sallye M. Puryear, by and through her counsel, Reverend Rickey Nelson Jones, pursuant to Local Rule 105, responds to Defendant's "Motion To Dismiss Or For Summary Judgment" and cross moves for summary judgment. As grounds for her response and cross motion, she says:

**FACTS**

    1. On July 29, 2002, Default Judgment was entered for Plaintiff against the Defendant by the Equal Employment Opportunity Commission (hereinafter "EEOC"). Moreover, the Administrative Judge found "as a matter of fact and law, the Agency did discriminate against Complainant as alleged." Exhibit "A" of Complaint, page 2.

    2. Inconsistent with the Agency's statement in its "Motion To Dismiss Or For Summary Judgment" (hereinafter "MDSM") that it was only required to notify the Office

of Personnel Management of the retroactive promotion (page 5, last paragraph, of "MDSM"), the "Order of Remedies From Default Judgment" ordered the Agency to <u>both</u> [1] notify the Office of Personnel Management (hereinafter "OPM") to change its records to reflect Plaintiff's promotion (Exhibit "B" of Complaint, page 3) and [2] make all **necessary adjustments** to Complainant's retirement accounts (Exhibit "B" of Complaint, page 8).

3. Since Plaintiff's retirement funds are directly based on adjustments to her retirement accounts (Exhibit 15 of "MDSM," second paragraph), it was necessary for the Defendant to work hand-in-hand with the Social Security Administration (hereinafter "SSA") to make adjustments needed for Plaintiff's proper retirement payments. This was not done, producing reliance by SSA on annual salaries below GS-13, step 4, from 1999 to 2002, in determining Plaintiff's SSA funds. **Attached Exhibits "A-1 through A-4" (specifically, A-4)**[1]

*Defendant's Failures Regarding Plaintiff's Retirement Payments*

4. According to Defendant's own admission in its "MDSM," Plaintiff's retirement income was not adjusted. Defendant admits as follows, "Plaintiff sent another letter to

---

[1] SSA's document (Attached Exhibit "A-4") shows reliance on annual salaries below GS-13, step 4, in 1999, 2000, and 2001 to determine social security payments for Plaintiff even though the EEOC 2002 decision required retroactive promotion for Plaintiff, effective 1999. Specifically, SSA used $57,695.82, $60,977.95, and 63,304.62 for 1999, 2000, and 2001 respectively. The Defendant should have informed SSA to use $63,829 for 1999, $64,949 for 2000, and $69,534 for 2001; these salaries represent GS-13, step 4, salaries for those years.

the Navy, dated February 27, 2004, complaining that her retirement income had not been adjusted.  Exhibit 10.  Evidently, while the Navy in 2003 provided OPM with the information regarding Plaintiff's retroactive promotion to a GS-13 level, OPM failed to process it and her retirement payments <u>continued to</u> be based on her GS-12 salary." (page 4, last paragraph, of MDSM). (emphasis added).

    5. Defendant further admits that in March 2004 a Ms. Cabanayan traced the case at OPM and discovered it was assigned to a Ms. Deborah St. Claire, and "no processing had occurred as Ms. St. Claire believed that the case had been assigned to her in error since she dealt with divorced annuitants only and because she could not locate the file." (page 5, first sentence, of MDSM).

    6. On pages 5 and 6 of MDSM, Defendant references an April 20, 2004 letter to Plaintiff about adjustments to her retirement and a lump sum payout. (Exhibit 15 of MDSM).  However, the letter fails to address or remedy the problem for a FERS retiree.

    7. FERS retirees have retirement consisting of [a] social security benefits, [b] basic benefit plan (pension), and [c] thrift savings plan. **Attached Exhibits "B1 & B-2" (specifically, B-2).**  Hence, retirement income for Plaintiff is a triple matter -- social security, pension, and thrift savings.

    8. Defendant's April 20, 2004 letter is inadequate in making Plaintiff "whole." <u>One</u>, the correction to Plaintiff's pension is one year and four months late, without compensation for interest on her money (minimally, Plaintiff must receive prevailing

interest on the money improperly withheld).  <u>Two</u>, it fails completely to address the inadequate social security payments received by Plaintiff.

*Defendant's Failure Regarding Posting*

9. Defendant states that it complied with the posting order when a Captain Barnett claimed to have posted the Notice to Employees, providing a Declaration to this effect. (page 6 of MDSM & Exhibit 16 of MDSM).

10. The Declaration of Captain Barnett fails to indicate the exact date of the posting or the exact dates such posting remained in place.  (Exhibit 16 of MDSM). Without such, it cannot be determined that a posting took place.

11. A ten year employee of the Defendant, who not only worked with Plaintiff but was also familiar with Plaintiff's legal problems with Defendant, personally [a] looked for the posting (after EEOC's December 2002 decision) in the exact location Captain Barnett claims to have place it, [b] asked other employees if they had seen it, and [c] even inquired about the posting with a Commander.  The posting was never seen or found. **Attached Exhibits "C-1 & C-2".**   This has also been "echoed" by a Lieutenant Commander of the United States Navy.  **Attached Exhibits "C-3 & C-4"**

## MEMORANDUM OF LAW (& ARGUMENT)

<u>U.S. District Court's Jurisdiction In This Case</u>

42 U.S.C. 2000e (f)(1) explicitly provides Plaintiff with the right to bring a civil action against the Defendant herein.  42 U.S.C. 2000e (f)(3) explicitly provides the

United States District Courts with jurisdiction in actions brought under its subtitle.  42 U.S.C. 2000e (g)(1) empowers United States District Courts with the power to [a] enjoin, [b] order affirmative action, [c] reinstate employees with back pay, and [d] impose any other equitable relief the court deems appropriate.  Generally, regarding 28 U.S.C. 1651, case law shows its harmony with established law.

In <u>Central South Carolina Chapter v. United States District Court for District of South Carolina</u>, 551 F.2d 559 (4th Cir. 1977), a United States District Court entered an order prohibiting participants (including lawyers, parties, witnesses, jurors, court officials) in a criminal trial from [a] making extrajudicial statements which might divulge prejudicial matter not of public record, [b] mingling with or being in proximity to reporters and photographers in the environs of the court, [c] releasing names and addresses of prospective jurors, [d] sketching or photographing of jurors within the environs of the court, and [e] holding news interviews (i.e., witnesses could not) during the trial period.  In giving an affirmative answer to the question of whether the District Court could indirectly prevent the press from obtaining information by regulating trial procedures and ordering the trial participants not to speak with members of the press, the United States Court of Appeals for the Fourth Circuit said that a writ of mandamus will issue where the duty to be performed is ministerial and the obligation to act plainly defined, such duty being always clear and indisputable.  <u>See</u>.  <u>United States v. Wilbur</u>, 283 U.S. 414, 51 S. Ct. 502, 75 L. Ed. 1148 (1931).

Plaintiff's Complaint seeks to fully enforce a 2002 decision in her favor by the EEOC. There exist no dispute about the decision, the remedy, or Plaintiff's entitlement. 42 U.S.C. 2000e (f) & (g) provides the United States District Court with the jurisdiction and authority to grant all requested relief in Plaintiff's Complaint, and 28 U.S.C. 1651 "backs up" that authority due to the clear and indisputable law (42 U.S.C. 2000e) and duty herein.

Plaintiff's Remedy & Entitlement

The December 2002 decision in Plaintiff's favor provided for six specific remedial actions (Exhibit "B" of Complaint, page 8). The revising of Plaintiff's official personnel folder to reflect her GS-13 (remedial action #1), paying Plaintiff back pay differential from June 20, 1999 to March 20, 2002 (remedial action #2), paying Plaintiff $15,000 in non-pecuniary compensation damages (remedial action #4), and paying Plaintiff $22,288.73 for attorney's fees and litigation costs (remedial action #5), are **not** the subject of Plaintiff's present Complaint. The Complaint concerns remedial action #3 and remedial action #6, i.e., [1] making all necessary adjustments to Plaintiff's retirement accounts and [2] posting the Notice to Employees that they are to be free from discrimination, respectively.

The remedial action requiring Defendant to make all necessary adjustments to Plaintiff's retirement accounts must, at a minimum, assure correct retirement payments to Plaintiff. As mentioned above, Plaintiff's retirement is a triple matter – social security,

pension, and thrift savings.  From 1999 to 2002, according to SSA documentation **(Attached Exhibit "A-4"),** Plaintiff's social security payments are based on annual salaries below GS-13, step 4.  Plaintiff was retroactively promoted to a GS-13 according to the December 2002 EEOC decision in her favor.  The Defendant had an obligation to make all necessary adjustments to Plaintiff's retirement accounts such that SSA's records recognize the GS-13 and respond accordingly.  The Defendant has argued that it had no greater obligation than to adjust its records and notified OPM.  In light of the remedy granted to Plaintiff, this argument is at best untenable and at worst silly.  Since Plaintiff's retirement unquestionably includes social security funds **(Attached Exhibit "B-2")**, if the funds are incorrect due to Defendant's non-action or non-sufficient-notification, all **necessary** adjustments have not been made.   Hence, Plaintiff has not received her remedy per the EEOC 2002 decision.  This fact, alone, prevents dismissal or summary judgment for Defendant and dictates summary judgment for Plaintiff.

Regarding Defendant's subject matter jurisdiction argument, it also fails.  This becomes clear with a review of Chacko v. Patuxent Institution, 429 F.3d 505 (4th Cir. 2005).

In Chacko v. Patuxent Institution, the court held that a Plaintiff fails to exhaust his administrative remedies where his administrative charges (specific confrontation with supervisors not involving national origin slurs) reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit (co-

workers calling Chacko national origin epithets with supervisory acquiescence).  Hence, the district court lacked subject matter jurisdiction and should have granted Patuxent's motion for judgment as a matter of law.  See. Dennis v. County of Fairfax, 55 F.3d 151 (4th Cir. 1995); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954 (4th Cir. 1996).

Plaintiff's social security benefits are inseparably connected to her retirement and hence her remedy.  Consequently, the references to retirement in the December 2002 EEOC decision in Plaintiff's favor indubitably encompass corrected social security payments.  To conclude otherwise would undermine the very remedy awarded.  Proper retirement was addressed by the Administrative Judge in the December 2002 EEOC decision because it was part of Plaintiff's original EEOC Charge of Discrimination in seeking the promotion she was unlawfully deprived of.  Therefore, the United States District Court has this matter properly before it for consideration.

Finally, the matter about the Notice to Employees was one of the remedial actions Defendant was required to take.  While Defendant has provided a Declaration from a Capt. P. J. Barnett (Exhibit 16 of MDSM), the Declaration fails to provide any dates for the posting or period the posting was up.  Not only has no one familiar with Plaintiff's ordeal seen the posting in the location Capt. Barnett claims it was posted, but no one un-familiar with Plaintiff's ordeal has seen it.  **Attached Exhibits "C-1 through C-4".**  If a remedy of Plaintiff's is mysteriously never seen, how is it a real remedy?  It is not.  At a minimum, Capt. Barnett should have provided a date certain of the posting and its

duration. Plaintiff should not be uncertain about a certain remedy when Defendant is obligated to provide it. Consequently, dismissal or summary judgment for the Defendant is impossible based on Capt. Barnett's insufficient Declaration. Summary judgment for Plaintiff is warranted on this matter also.

Standard For Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When a motion for summary judgment has been filed against the Plaintiff, he may successfully defeat such a motion by presenting evidence sufficient enough for a jury to rule in his favor. In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed 2d 202, 106 S.Ct. 2505 (1986), the Supreme Court said,

> [T]he Plaintiff, to survive the Defendant's motion, need only present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial.

Anderson, 91 L.Ed 2d at 217.

The Supreme Court defined, at page 212, the judge's role once a motion for summary judgment has been filed. At the moment a summary judgment motion is filed, the judge is not to weigh the evidence like a jury but merely to determine if there is a genuine issue for trial. The Court said,

> [I]t is clear enough from our recent cases that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial . . . .   [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.

<u>Anderson</u>, 91 L.Ed 2d at 212.

Herein, the Defendant has sought dismissal or summary judgment but, as demonstrated above, this court has both jurisdiction and evidence to deny Defendant's requests and grant summary judgment to Plaintiff.  It is both a fact and an admission by Defendant that Plaintiff's retirement payments were, at a time, based on a GS-12 when it should have been based on a GS-13 (paragraphs 4 and 5 above).  It is both a fact and an admission by Defendant that Plaintiff's inadequate retirement/pension payments did not get corrected until April 20, 2004, one year and four months late (paragraphs 6 and 8).  Since Plaintiff has not received interest on her money, minimally, she has not been "made whole" concerning her retirement income.  Presently, interest is due Plaintiff covering approximately three years and four months.  Specifically, the underpaid retirement payment on which three years and four months of interest is to be calculated is $1,122.00 (Exhibit 15 of MDSM).  Plaintiff is entitled to summary judgment on this amount since no genuine issue of material fact exist on it.

Because social security is an indispensable part of Plaintiff's retirement and SSA's records show reliance on annual salaries below the GS-13, step 4, level **(Attached Exhibit "A-4")**, Defendant failed to do that which was necessary to assure adjustments

needed for proper retirement payments to Plaintiff.  No genuine issue of material fact exist on this failure by Defendant, and consequently, Plaintiff is entitled to summary judgment on this.

Since [a] Capt. Barnett failed to provide a date of posting (Exhibit 16 of MDSM), [b] failed to provide a period of posting (Exhibit 16 of MDSM), and [c] a ten year employee and a Lieutenant Commander have never seen any posting after making an effort to find such **(Attached Exhibits "C-1 through C-4")**, no genuine issue of material fact exist that there was ever a posting.  Hence, Plaintiff is entitled to summary judgment on this as well.

Attorney's Fees To Accompany Summary Judgment For Plaintiff

In August 2003, Plaintiff began communicating with Defendant's officials regarding full compliance with the 2002 EEOC Decision.  Thereafter, communication and letter writing to the EEOC Judge (and others) continued until a formal EEOC Appeal was filed on April 8, 2004 to force full compliance by Defendant.  The details of attorney's fees and costs are outlined, with particularity, in Plaintiff's Expense Accounting **(Attached Exhibit "D").**  Since every expense of Plaintiff's outlined in Exhibit "D" derive from Defendant's violation of the 2002 EEOC Decision, 42 U.S.C. 2000e's grant of authority to the United States District Court to "order affirmative action" and "impose any other equitable relief the court deems appropriate" allows Plaintiff to recover the money she has needlessly spent.  Indeed, a cursory review of the Plaintiff's Expense

Accounting will demonstrate the great lengths undertaken by Plaintiff and her counsel to merely get Defendant to do what EEOC ordered.

## Conclusion

For the aforementioned reasons, Plaintiff respectfully requests that Defendant's motion to dismiss or for summary judgment be denied and Plaintiff's cross motion for summary judgment be granted, awarding all relief requested in her Complaint, along with the updated attorney's fees and costs outlined in Exhibit "D."

Respectfully submitted,

       /s/    Rev. Rickey Nelson Jones
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey Nelson
       Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
Bar #: 12088

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND

| | |
|---|---|
| **SALLYE PURYEAR** \* | |
| \* | |
| **Plaintiff,** \* | |
| \* | |
| v. \* | Civil Case No.: AW-05-2993 |
| \* | |
| **GORDON R. ENGLAND** \* | |
| **Secretary of the Navy** \* | |
| **Office of the Secretary** \* | |
| \* | |
| **Defendant.** \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>ORDER</u>

Upon "Plaintiff's Response To Defendant's Motion To Dismiss Or For Summary Judgment & Cross Motion For Summary Judgment," it is this ___ day of _____, 2006, by the United States District Court for the District of Maryland

ORDERED that

[A]   Defendant's Motion To Dismiss Or For Summary Judgment is DENIED, and

[B]   Plaintiff's Cross Motion For Summary Judgment is GRANTED.

ALEXANDER WILLIAMS, JR.
United States District Judge