UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SALLYE PURYEAR | * | |
| | * | |
|    Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No.: AW-05-2993 |
| | * | |
| GORDON R. ENGLAND | * | |
| Secretary of the Navy | * | |
| Office of the Secretary | * | |
| | * | |
|    Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S RESPONSE TO DEFENDANT'S "REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT"

Plaintiff, Ms. Sallye M. Puryear, by and through her counsel, Reverend Rickey Nelson Jones, pursuant to Local Rule 105, responds to Defendant's "Reply Memorandum in Support of Motion To Dismiss Or For Summary Judgment and Memorandum In Opposition To Plaintiff's Cross-Motion For Summary Judgment" (hereinafter "Def. Reply"). As grounds for her response, she says:

POINT FOR POINT REFUTATION OF DEF. REPLY

    1. On pages 1 and 2 of Def. Reply, its states that Plaintiff ignores the record and asks the court to order new relief, find contrary to Captain Barnett's Declaration,[1] and

---

[1] Attached are the corrected Affidavits of Jones and Harper, indicating the correct bulletin board and elevator.

award attorney's fees even though not a prevailing party.  Defendant is in error factually and misinterprets <u>Laber v. Harvey</u>, 438 F.3d 404 (4th Cir. 2006).

2. <u>Laber v. Harvey</u> has a three part holding with only one part indicating that a federal-employee plaintiff who prevails before the OFO on the issue of liability but who is unsatisfied with the OFO remedy must place its employing agency's discrimination at issue in order properly to claim entitlement to a more favorable remedial award in the district court.

3. <u>Laber v. Harvey</u> does not apply to the facts of our case because Plaintiff is not seeking "a more favorable remedy" in the district court.  Plaintiff seeks the remedy awarded **but not granted by the agency.**  Moreover, OFO's failure to recognize that precise failure <u>admitted</u> by Defendant in its "Motion To Dismiss Or For Summary Judgment," pages 4 and 5, proves the need for district court correction.

4. Defendant's use of dicta in <u>Laber v. Harvey</u> cannot force its applicability herein. Plaintiff's Response and Cross Motion do not present anything new but common sense "follow up" to awarded remedies, namely, [a] interest on money improperly withheld, [b] communication with those needing to know about Plaintiff's retroactive promotion for proper retirement payments, [c] required postings after discriminating against protected employees, and [d] payment of attorney's fees incurred due to Defendant's recalcitrance.

5. On page 5 of Def. Reply, its states that Plaintiff's contention that the Navy work hand-in-hand with the Social Security Administration (hereinafter "SSA") is

unreasonable, and Plaintiff cites no statutory, regulatory, administrative, or judicial authority for her proposition. Defendant misses the elementary.

6. Plaintiff's Complaint rests on matters of fact, not law. Effectuating Plaintiff's remedy via communication with SSA is the "how to" of her awarded justice. Clearly, through either a lack of knowledge or diligence, Defendant failed to do that which was necessary regarding Plaintiff's retirement and back pay. Now, Defendant desperately seeks legal maneuvering and fancy jurisdictional arguments to escape responsibility.

7. On page 6 of Def. Reply, it states "even if the remedial award somehow could be interpreted as embracing some obligation on the Navy's part with respect to Social Security benefits, Plaintiff failed to exhaust this claim by not including it in her administrative appeal to OFO, precluding this Court's consideration of the issue...." Again, Defendant is in error.

8. Plaintiff's OFO appeal explicitly referenced her receiving reduced retirement benefits. Since FERS retirees have retirement consisting of [a] social security benefits, [b] basic benefit plan, and [c] thrift savings plan, Defendant's failure to communicate with SSA resulted in Plaintiff's receiving reduced retirement benefits. Hence, when OFO refused to correct the agency's failures, Plaintiff's administrative journey was exhausted.[2]

---

[2] Defendant's statements on pages 6 and 7 (including the footnote) about Plaintiff supplying SSA information about the need to increase her retirement benefits and such benefits being minuscule when corrected denote the serious lack of knowledge by Defendant. One, SSA does not receive or honor information about increasing benefits from the recipient. Two, designating Plaintiff's corrected increased retirement benefits from SSA as "minuscule" shows Defendant's blindness to Plaintiff's remedy and its meaning to someone living on retirement.

9. On page 7 of Def. Reply, it states that since interest on Plaintiff's annuity was not mentioned in her appeal to the OFO or in her Complaint, it is precluded from consideration by the this court.  Defendant seeks legal help for a factual mistake.

10. Plaintiff did not, nor would, mention the interest sought in her Complaint in her appeal to the OFO.  The reason is this: there had not been three years and four months of interest on $1,122.00.  Moreover, this is also a matter of fact, not law.  Defendant simply "dropped the ball" with respect to its obligation.  To wit, Plaintiff would have placed her money in her bank account if given to her timely; Defendant did not give it to her timely, and hence, the interest she has been deprived of is due.  This is a factual situation, not a legal one (calling for judicial interpretation).

11. On page 9 of Def. Reply, it states that Harper and Jones' affidavits looked for the Notice near the incorrect elevator, and hence, they cannot rebut the evidence of compliance offered by the Navy.   If not for a typo, this argument of Defendant could not even be made.

12. Attached are corrected affidavits by Jones and Harper, showing the correct elevator where they looked for the notice. **Attached Corrected Exhibits C-1 & C-3.**

13. When Plaintiff learned of Defendant's failure to post notice, she filed her appeal on April 8, 2004, bringing such failure to the OFO's attention.  Hence,

Defendant's argument on page 10 of Def. Reply fails.[3]

14. On page 11 of Def. Reply, it quotes Chris v. Tenet, 221 F.3d 648 (4th Cir. 2000) for its position that Plaintiff cannot recover attorney's fees in this court. Defendant is in error factually and misinterprets Chris v. Tenet.

15. Plaintiff's Complaint is not a suit solely for attorney's fees. It is a suit to enforce substantive rights protected at the administrative level with specific awards and accompanying attorney's fees incurred to preserve those awards.

16. Chris v. Tenet, 221 F.3d 648 (4th Cir. 2000) held that a suit solely for attorney's fees and costs is not an action brought under Title VII (suit to enforce substantive protections of Title VII), and hence, federal courts lack subject matter jurisdiction over such actions.

17. Chris v. Tenet did not hold that substantive rights protected at the administrative level, with specific awards, cannot be enforced in federal court along with reimbursement to the Plaintiff for attorney's fees incurred in pursuit of those awards.

AFFIDAVITS

Attached are the corrected affidavits of Jones and Harper. They prove that the Defendant failed to post the required Notice following EEOC's finding that it

---

[3] Defendant also claims that it has been willing for two years to re-post the notice, but Plaintiff has refused to accept the offer. Plaintiff is hearing for the first time, in Def. Reply, that it is willing to re-post. This is precisely what Plaintiff has been arguing since 2004. Defendant refuses to simply do what EEOC has ordered it to do. If Defendant fulfills its obligation and stop seeking **additional** incentives, perhaps litigation would not exist presently.

6

discriminated against a protected employee. Also attached is an affidavit from Plaintiff (Exhibit "AA"), establishing her visit to SSA and the genuineness of the financial documentation provided to her, i.e., Exhibits A-3 and A-4 of Plaintiff's Response & Cross Motion.

CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that Defendant's motion to dismiss or for summary judgment be denied and Plaintiff's cross motion for summary judgment be granted, awarding all relief requested in her Complaint, along with the attorney's fees and costs outlined in Exhibit "D" (of Complaint).

                Respectfully submitted,

                     /s/     Rev. Rickey Nelson Jones
                Rev. Rickey Nelson Jones
                Law Offices of Reverend Rickey Nelson
                    Jones, Esquire
                3rd Floor – Suite 5
                1701 Madison Avenue
                Baltimore, Maryland 21217
                410-462-5800
                Bar #: 12088

                Attorney for Plaintiff